UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MCDERMOTT,
             Plaintiff,

-against-

CITY OF NEW YORK; CORRECTIONAL OFFICER CHARLIE BRACEY; CORRECTIONAL OFFICER HADEN WILKINSON; CORRECTIONAL OFFICER MEGHAN ALCIA; and CORRECTIONAL OFFICER JOHN DOES 1–10,
             Defendants.

**AMENDED COMPLAINT AND JURY DEMAND**

1:21-cv-1580 (JPO)

Plaintiff Sean McDermott ("Plaintiff"), by his attorneys Emery Celli Brinckerhoff Abady Ward & Maazel LLP, for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by Plaintiff Sean McDermott for damages under 42 U.S.C. § 1983 and the laws of the State of New York. It involves a horrific, near-fatal beating that was entirely foreseeable and preventable. There is no legitimate or credible defense to what happened here; the vast majority of Defendants' shocking misconduct and failure to act, as well as this terrifying and life-threatening assault, are captured on video.

2. On November 27, 2019, while in the custody of the New York City Department of Correction ("DOC" or the "Department"), Mr. McDermott was viciously beaten by another inmate, who struck Mr. McDermott in the head *approximately 185 times*, while correctional officers entrusted with Mr. McDermott's safety stood by and did nothing.

3. At the time of the assault, Mr. McDermott was detained in an intake unit on Rikers Island. Inexplicably, Correctional Officer ("CO") Charlie Bracey, CO Haden Wilkinson, CO Meghan Alcia, and/or the Doe Defendants (collectively, "Officer Defendants")

placed him in a holding cell along with another inmate, Jorge Gutierrez, who they knew posed a serious risk to Mr. McDermott based on Mr. Gutierrez's history of mental disturbance and violent outbursts.

4. Not only did the Officer Defendants fail to protect Mr. McDermott by placing him in a cell they knew created a serious risk of injury to Mr. McDermott, the Officer Defendants failed to take any steps to stop the assault once it began. They permitted Mr. Gutierrez to continue slamming Mr. McDermott's head against a metal railing not just once, not just ten times, not just twenty times, but *one hundred and eighty-five times*, before finally entering the cell. By that point, Mr. McDermott had almost been beaten to death; he was unconscious, bloodied, his face and head were severely bruised, and he had sustained multiple facial fractures.

5. By failing to protect Mr. McDermott from this horrific, prolonged, and foreseeable assault, and failing to intervene once it began, the Officer Defendants deprived Mr. McDermott of his rights under the Fourteenth Amendment to the United States Constitution to be free from gratuitous and excessive force. They furthermore breached the duty of care they owed Mr. McDermott and negligently caused the massive injuries he suffered in the assault.

6. The City of New York is also liable for its negligent hiring, training, discipline, and retention of the Officer Defendants due to its failure to provide necessary, proper, and appropriate training for its employees, including, but not limited to, failure to instruct them on the proper management of inmates with a history of violent behavior and mental health disturbance so as to prevent such inmates from initiating brutal, prolonged assaults against other inmates.

7. Mr. McDermott suffered immense injury as a result of Defendants' negligence and failure to protect him. He sustained traumatic brain injury, internal bleeding, broken bones in his face and hand, and extensive bruising. His injuries required him to be hospitalized in intensive care for nine days followed by ten days in psychiatric inpatient care. The damage and injuries he has suffered are permanent and life-altering. He continues to suffer memory loss, hearing loss, vision loss, as well as substantial emotional and physical pain.

## JURISDICTION AND VENUE

8. This action arises under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

9. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)–(4), and 1367(a).

10. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11. Plaintiff demands trial by jury in the action.

## PARTIES

12. Plaintiff Sean McDermott is a citizen of the United States. At the time these events occurred, Mr. McDermott was 30 years old and was in DOC custody at the Anna M. Kross Center ("AMKC") intake area on Rikers Island in East Elmhurst, New York.

13. Defendant City of New York ("City") is a municipal corporation which, through the DOC, operates a number of detention facilities. The Department is also responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the Defendants referenced herein.

14. At all times relevant hereto, CO Charlie Bracey, Shield No. 17979, was an officer of DOC, acting in the capacity of agent, servant, and employee of Defendant City, within the scope of his employment as such, and acting under color of state law. On information and belief, CO Bracey worked at the AMKC intake unit on or around November 27, 2019, and failed to protect Plaintiff from assault or intervene while he was being assaulted in his cell. Instead, he allowed Jorge Gutierrez to viciously strike Plaintiff's head with his casted arm and against a metal railing approximately 185 times.

15. At all times relevant hereto, CO Haden Wilkinson, Shield No. 9005, was an officer of DOC, acting in the capacity of agent, servant, and employee of Defendant City, within the scope of his employment as such, and acting under color of state law. On information and belief, CO Wilkinson worked at the AMKC intake unit on or around November 27, 2019, and failed to protect Plaintiff from assault or intervene while he was being assaulted in his cell. Instead, he allowed Jorge Gutierrez to viciously strike Plaintiff's head with his casted arm and against a metal railing approximately 185 times.

16. At all times relevant hereto, CO Meghan Alcia, Shield No. 3377, was an officer of DOC, acting in the capacity of agent, servant, and employee of Defendant City, within the scope of her employment as such, and acting under color of state law. On information and belief, CO Alcia worked at the AMKC intake unit on or around November 27, 2019, and failed to protect Plaintiff from assault or intervene while he was being assaulted in his cell. Instead, she allowed Jorge Gutierrez to viciously strike Plaintiff's head with his casted arm and against a metal railing approximately 185 times

17. At all times relevant hereto, Correctional Officers John Does # 1–10, whose actual names and shield numbers Plaintiff has been unable to ascertain notwithstanding

reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," were officers of DOC, acting in the capacity of agents, servants, and employees of Defendant City, within the scope of their employment as such, and acting under color of state law. On information and belief, Correctional Officers John Does # 1–10 worked at the AMKC intake unit on or around November 27, 2019, and failed to protect Plaintiff from assault or intervene while he was being assaulted in his cell. Instead, they allowed Jorge Gutierrez to viciously strike Plaintiff's head with his casted arm and against a metal railing approximately 185 times.

18. All the Officer Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

**A.  Mr. McDermott Is Assaulted at AMKC.**

19. On November 27, 2019, at approximately 1:30 p.m., Mr. McDermott was being held at the intake unit at AMKC on Rikers Island.

20. The Officer Defendants were responsible for Mr. McDermott during his time at the Intake unit.

21. On November 27, 2019, Mr. McDermott was in a holding cell along with Mr. Gutierrez.

22. The holding cell was made of concrete walls and a door, and it contained a sink and a toilet.

23. Mr. Gutierrez had mental health issues and a history of violent outbursts, including an outburst within days prior to his attack on Mr. McDermott.

24. On information and belief, Rikers correctional staff knew that Mr. Gutierrez had mental health issues and a history of violent outbursts against other inmates.

25. While Mr. McDermott was taking a nap on the floor of the cell, he was suddenly awoken by someone standing over him who was physically and viciously assaulting him.

26. Mr. Gutierrez had begun beating Mr. McDermott about the head with his cast and striking his head against a metal railing in their shared cell.

27. Mr. Gutierrez struck Mr. McDermott's head in this fashion approximately 185 times.

28. During the assault, Mr. McDermott's left ear was torn partially from his head.

29. The assault of Mr. McDermott was captured on surveillance video.

30. The Officer Defendants were near Mr. McDermott's cell during the assault.

31. Yet not one correctional officer took any steps to protect Mr. McDermott or stop the assault at any point during the 185 blows Mr. Gutierrez inflicted on Mr. McDermott.

32. The Officer Defendants did nothing to stop the assault despite its plainly life-threatening nature.

33. Mr. Gutierrez beat Mr. McDermott to the point where he was unconscious.

34. The Officer Defendants only entered the cell after Mr. Gutierrez had hit Mr. McDermott approximately 185 times.

**B.     Mr. McDermott's Treatment at Elmhurst Hospital**

35. Mr. McDermott was transported to the Elmhurst Hospital ("Elmhurst") emergency room and arrived around 3:00 p.m.

36. He arrived unconscious.

37. Elmhurst medical staff determined that Mr. McDermott had suffered traumatic brain injury.

38. They also determined that he suffered multiple lacerations to his left eyebrow and lip, bruising on his forehead and behind his right ear, swelling and dried blood in his right ear, swelling in his left lower jaw, fractures in the bones around his left eye, and hemorrhage in his sinus.

39. At around 9:45 p.m., Mr. McDermott was transported from Elmhurst Hospital to Bellevue Hospital.

### C. Mr. McDermott's Treatment at Bellevue Hospital

40. On November 27, 2019, around 11:30 p.m., Mr. McDermott was admitted to the Bellevue Hospital ("Bellevue") Emergency Intensive Care Unit.

41. Upon arrival, Mr. McDermott was not responding to questions being asked of him.

42. He was found to have blunt head trauma, bruising in his right ear, lacerations on multiple sites of his face including his lip and his eyelid, fracture of the bones around his left eye, fracture in his right hand, and impaired gait and mobility.

43. He had severe pain behind his right ear and his neck.

44. His left ear had to be sewn back onto his head.

45. Mr. McDermott remained at Bellevue Hospital as an inpatient for nine days, until he was discharged on December 6, 2019.

46. He was discharged to the Bellevue psychiatric department.

47. He remained in the psychiatric department for ten days, until he was discharged on December 16, 2019.

48. Mr. McDermott was discharged back to Elmhurst Hospital.

**D. Mr. McDermott Has Suffered Persistent Physical and Mental Injury**

49. Mr. McDermott has continued to suffer severe physical and mental pain and injury as a result of Defendants' failure to protect him.

50. Mr. McDermott is permanently damaged and will never be the same.

51. He has trouble sleeping.

52. He has short- and long-term memory loss.

53. He has hearing loss in his right ear.

54. He has blurry vision in his left eye.

55. He has persistent feelings of helplessness and hopelessness.

56. He is cognitively impaired.

57. He is unable to maintain work due to his mental difficulties.

**E. Mr. McDermott Timely Filed a Notice of Claim**

58. Within ninety days after the November 27, 2019 assault, a written Notice of Claim, sworn by Plaintiff, was served upon Defendants at the Comptroller's Office at 1 Centre Street, New York, New York 10007.

59. Mr. McDermott attended and testified at the hearing required under Section 50-H of the General Municipal Law on November 24, 2020, by video conference.

60. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

# FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 / Fourteenth Amendment
### (Against Officer Defendants)

61. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

62. On November 27, 2019, Mr. McDermott was viciously beaten by an inmate assailant, and the Officer Defendants failed to intervene or otherwise protect Mr. McDermott as they were obligated to do, as alleged above.

63. By reason of the foregoing, and by sanctioning and failing to prevent an inmate assailant from assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from gratuitous and excessive force.

64. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employments as DOC officers and employees. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. These Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

65. As a direct and proximate result of the misconduct, abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM FOR RELIEF
### Negligence
### (Against Officer Defendants)

66. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

67. The Officer Defendants owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

68. The Officer Defendants knew or should have known of Mr. Gutierrez's history of mental disturbance and violent behavior, and the specific risk to Mr. McDermott created by placing him in a cell with Mr. Gutierrez. Yet the Officer Defendants failed to take any steps to prevent Mr. McDermott from being assaulted or to intervene at any point during his assault. These failures constituted a breach of the Officer Defendants' duty and proximately caused the assault of Plaintiff on November 27, 2019.

69. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, and the New York City Department of Correction, which are therefore responsible for their conduct.

70. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

71. As a direct and proximate result of the negligence detailed above, Plaintiff sustained the damages hereinbefore alleged.

# THIRD CLAIM FOR RELIEF
## Negligent Hiring/Training/Discipline/Retention of Employees
### (Against the City)

72. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

73. Defendant City, through the DOC, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

74. Upon information and belief, all of the Officer Defendants were unfit and incompetent for their positions.

75. Upon information and belief, Defendant City, through the DOC, failed to provide necessary, proper, and appropriate training for its employees, including, but not limited to, failure to instruct them on the proper management of inmates with a history of violent behavior and mental health disturbance so as to prevent such inmates from initiating brutal, prolonged assaults against other inmates.

76. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining the Officer Defendants proximately caused each of Plaintiff's injuries.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

a. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by Mr. McDermott as a result of the events alleged herein;

b. Punitive damages in an amount to be determined at trial;

c. An order awarding Plaintiff reasonable attorneys' fees, together with the costs of this action; and

d. Such other further relief as the Court may deem appropriate.

Dated: New York, New York
July 13, 2021

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____/s/_____
Earl S. Ward
Jonathan S. Abady
Noel R. León

600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

*Attorneys for Plaintiff Sean McDermott*